PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLAUDY DORNVEIL, | ) | |
| | ) | CASE NO. 4:25-cv-1809 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| KRISTI NOEM, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | [Resolving ECF No. 5] |
| | ) | |

Pending before the Court is Respondents' Motion to Dismiss and Return of Writ to Petitioner's application for a writ of *habeas corpus*. ECF No. 5 & 1. Considering (a) Petitioner's constitutional claims under 28 U.S.C. § 2241 and (b) the nationwide stay of agency action issued by the United States District Court for the District of Columbia on August 29, 2025 under 5 U.S.C. § 705, Respondent's motion is **STAYED** pending further consideration. *See* ECF No. 65; *see Make the Rd. New York v. Noem*, No. 25-CV-190 (JMC), 2025 WL 2494908 (D.D.C. Aug. 29, 2025); *see* 5 U.S.C. § 705. In the interim, Respondents are ordered to comply with all provisions herein.

## I. BACKGROUND

Claudy Dornveil ("Petitioner") is a 21-year-old Haitian citizen legally present in the United States as an asylum seeker under humanitarian parole. ECF No. 1 at PageID #: 13. Respondents are Kristi Noem,[1] Todd Lyons,[2] Robert Lynch,[3] Douglas Fender,[4] and Pamela

---

[1] Secretary, U.S. Department of Homeland Security.
[2] Director, U.S. Immigrant and Customs Enforcement.
[3] Acting Director, Detroit Field Office, U.S. Immigrant and Customs Enforcement.
[4] Petitioner incorrectly names Douglas Fender as Warden of the Northeast Ohio Correctional Center ("NEOCC"). Edward Voorhies is Warden of NEOCC. ECF No. 5 at PageID #: 47.

(4:25-cv-1809)

Bondi ("Respondents"), represented by the United States Attorney under 28 U.S.C. § 517.  ECF Nos. 1 at Page ID #: 8, 5 at PageID #: 47; *see* 28 U.S.C. § 517.

Petitioner legally entered the United States on July 24, 2024 at Brownsville, Texas through CBP One under humanitarian parole running until July 23, 2026.[5]  ECF No. 1 at PageID #: 13.  Petitioner subsequently moved to Ohio with his family.  ECF No. 1 at PageID #: 14.  In June 2025, the federal government began terminating grants of humanitarian parole and notifying asylum seekers to self–deport.  *See* Press Release, U.S. Dep't of Homeland Sec. (June 12, 2025).  Petitioner was issued a notice to appear before the Executive Office of Immigration Review ("EOIR") on July 7, 2025 for standard removal proceedings under 28 U.S.C. § 1229(a). ECF No. 1 at PageID #: 14; *see* 28 U.S.C. § 1229(a).  Whether Petitioner received notification of the termination of humanitarian parole is not determined.  ECF Nos. 1, 5.

Petitioner appeared, as ordered, before the EOIR via the Cleveland Immigration Court on July 7, 2025.  ECF No. 5 at Page ID #: 47.  At that hearing, the immigration judge granted the Department of Homeland Security's unopposed motion to dismiss Petitioner's removal proceedings.  ECF No. 5–1.  On exiting the hearing, Petitioner was immediately detained by Immigration and Customs Enforcement, taken into federal custody, and issued a notice of expedited removal under 8 U.S.C. § 1225(b)(1).  ECF No. 1 at PageID ##: 5–6; *see* 8 U.S.C. § 1225(b)(1).  Petitioner remains in federal detention at NEOCC in Youngstown, Ohio.  ECF No. 1 at PageID #: 6.

---

[5] CBP One was the primary application by which asylum seekers entered the United States under the administration of President Biden.  President Trump ended the use of CBP One in January 2025.  *See* Exec. Order No. 2025-02015, 90 Fed. Reg. 8467 (Jan. 20, 2025).

(4:25-cv-1809)

Petitioner filed a petition for a writ of *habeas corpus* on July 29, 2024 seeking release under 28 U.S.C. § 2241. ECF No. 1; *see* 28 U.S.C. § 2241. The Court ordered Petitioner to serve Respondents, ordered Respondents to respond, and ordered Petitioner to reply. ECF No. 4 at PageID #: 45. Respondents responded by seeking dismissal of the petition on September 10, 2025. ECF No. 5. Petitioner replied on September 15, 2025. ECF No. 4 at Page ID #: 45.

Petitioner sets forth five counts contending his detention is unlawful: (1) Petitioner was denied the right to an asylum hearing in violation of the Fifth Amendment right to Due Process; (2) Respondents violated the Administrative Procedure Act ("APA") by detaining Petitioner without considering his individualized facts and circumstances; (3) Respondents application of an expedited removal designation to Petitioner was an illegal, retroactive application of the law in violation of the Fifth Amendment right to Due Process; (4) Respondents violated the APA by initiating expedited removal proceedings without an enumerated ground to dismiss standard removal proceedings; (5) Respondents did not make a rational and individualized determination to detain Petitioner in violation of his Fifth Amendment right to Due Process. ECF No. 1 at Page ID ##: 16–22; *see* U.S. Const. amend. V; *see* 5 U.S.C. §§ 706(2)(A); *see* 8 C.F.R. § 239.2(c). Petitioner requests, *inter alia*, that the Court issue a writ of *habeas corpus* ordering his immediate release.

Respondents argue the petition should be dismissed because: (1) Petitioner did not exhaust all available administrative remedies because he failed to appeal to the Board of Immigration Appeals before seeking relief from the Court; (2) Petitioner's detention is lawful under 8 U.S.C. § 1225; and (3) the Court lacks subject matter jurisdiction over Petitioner's claims under 8 U.S.C. § 1252. ECF No. 5 at PageID ##: 49–53; *see* 8 U.S.C. §§ 1225, 1252.

3

(4:25-cv-1809)

Petitioner replies that: (1) exhaustion of procedural remedies is not a prerequisite for *habeas* relief; (2) even if exhaustion were required, it should be waived for futility; (3) Petitioner is not eligible for expedited removal under 8 U.S.C. § 1225; (4) application of 8 U.S.C. § 1252(e) to Petitioner violates the Suspension Clause of the Constitution; and (5) the Court has jurisdiction even if 8 U.S.C. § 1252(e) applies. ECF No. 6 at PageID ##: 58–63; *see* 8 U.S.C. § 1225 and 1252(e); *see* U.S. Const. art. I, § 9, cl. 2.

## II. Discussion

Petitioner has filed an application for a writ of *habeas corpus* under 28 U.S.C. § 2241(a) contending that he is unlawfully detained by the government in violation of the Constitution and federal law. See 28 U.S.C. § 2241(a). The protections of the Constitution apply to all persons within the jurisdiction of the United States, citizen and non-citizen alike. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982). "Aliens, even aliens whose presence in this country is unlawful, have long been recognized as "persons" guaranteed due process of law by the Fifth and Fourteenth Amendments." *Id.* Although federal district courts do not have subject-matter jurisdiction over removal orders issued by immigration courts, their jurisdiction over *habeas* petitions has not been abrogated. *See* 8 U.S.C. §§ 1252(a)(1), (g), 2241(a); *see* U.S. Const. art. I, § 9, cl. 2. The Suspension Clause precludes 8 U.S.C. § 1252(a) from stripping the Court of jurisdiction to address a *habeas* petition presenting a constitutional claim. *See Agarwal v. Lynch*, 610 F. Supp. 3d 990, 1003 (E.D. Mich. 2022)

First, the Sixth Circuit distinguishes between *habeas* petitions challenging non-citizen removal and those challenging non-citizen detention. *See Hamama v. Adducci*, 912 F.3d 869, 877 (6th Cir. 2018) (a "district court's jurisdiction over the detention-based claims is independent of its jurisdiction over the removal-based claims.") Thus, if a *habeas* petitioner "raise[s] a

4

(4:25-cv-1809)

challenge that [does] not require the district court to address the merits of [their] order of removal," jurisdiction is not precluded by 28 U.S.C. § 1252(g). Napolitano, 600 F.3d at 605; see 28 U.S.C. § 1252(g). Subject matter jurisdiction over detention-based claims exists independently from Congressionally abrogated jurisdiction over removal-based claims. See Zhen v. Doe, No. 3:25-CV-01507-PAB, 2025 WL 2258586, at *3 (N.D. Ohio Aug. 7, 2025) (citing Karki v. Jones, No. 1:25-CV-281, 2025 WL 1638070 (S.D. Ohio June 9, 2025).

Petitioner's desired relief is not based solely on review of an immigration order or an injunction preventing removal. Rather, he alleges that he was arrested, detained, and marked for unlawful deportation in violation of the Constitution and laws of the United States. ECF No. 1 at PageID ##: 16–22. While Petitioner's causes of action are broadly worded, at a minimum, two of them (Count Two: unjust detention; Count Five: violation of due process) do not challenge Respondent's authority to remove Petitioner or the validity of the removal proceedings; rather, they challenge the lawfulness of the detention itself. ECF No. 1 at PageID ##: 16–22; see Hamama, 912 F.3d at 877. These counts are "precisely the sort of detention-based claim[s] that fall[] outside the purview of 28 U.S.C. § 1252(g)." Zhen v. Doe, No. 3:25-CV-01507-PAB, 2025 WL 2258586, at *4 (N.D. Ohio Aug. 7, 2025); see Karki, 2025 WL 1638070, at *8; cf. El Moustrah v. Barr, 2020 WL 1473305, at *2 (E.D. Mich. Mar. 25, 2020) (noting that jurisdiction may be proper where a petitioner asserts a challenge to detention, rather than a challenge to removal).

A district court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. Brownback v. King, 592 U.S. 209, 218-19 (2021) (quoting United States v. Ruiz, 536 U.S. 622, 628 (2002)). Guided by precedent, the Court determines that it may lawfully exercise subject matter jurisdiction to consider this petition. ECF No. 1 at

5

(4:25-cv-1809)

Page ID ##: 19, 22; *see* 28 U.S.C. § 2241(a).  To give the Court an opportunity to weigh the briefs and consider the validity of Petitioner's claims, it may order Respondents to preserve the *status quo* (*i.e.*, Petitioner's continued presence in the United States).  See *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (noting that "the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.")  This action is particularly *apropos* when the conduct of the enjoined would otherwise destroy jurisdiction, moot the case, or result in an irreversible deprivation of Constitutional liberty.  See *United States v. Shipp*, 203 U.S. 563, 573 (1906).  Such an order remains valid even if the Court later determines it lacks subject-matter jurisdiction.  See *United Mine Workers*, 330 U.S. at 294–95.  Furthermore, the stay of agency action related to expedited removal proceedings issued by the United States District Court for the District of Columbia warrants full consideration by the Court for its scope and applicability to Petitioner's causes of action.  See *Make the Rd.*, No. 25-CV-190, at 65 (order).

### III. CONCLUSION

To ensure fair and orderly consideration of this matter and resolve all contested issues it is hereby ORDERED that:

1. Respondent's motion to dismiss and return of writ are stayed pending further review.

2. Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further order of this Court.

3. Petitioner shall not be transferred to another district unless the Government provides advance notice of the intended move.  Such notice shall be filed in writing on the docket in this action and shall state why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.  Once that notice has been docketed, Petitioner shall not be moved out of the

(4:25-cv-1809)

Northern District of Ohio for a period of at least 48 hours from the time of that docketing.

4. The Government shall file a notice in writing on the docket no later than September 26, 2025 stating: (1) the name of the facility in which Petitioner is confined; (2) Petitioner's corresponding A-Number under the Executive Office of Immigration Review; and (3) a status update on Petitioner's removal proceedings and asylum application under humanitarian parole or any other statutory or administrative program.

IT IS SO ORDERED.

| September 24, 2025 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |